IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3057-D

| | | |
|---|---|---|
| ROBBIE LANE SHERRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL F. EASLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 23, 2010, Robbie Lane Sherron ("Sherron" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Sherron seeks leave to proceed in forma pauperis [D.E. 2]. On June 22, 2010, Sherron filed a motion to transfer this case to the federal district court in Wilmington, North Carolina [D.E. 6]. On November 17, 2010, Sherron filed motions for trial and a temporary restraining order [D.E. 7, 8]. On November 19, 2010, Sherron filed a motion for a jury trial [D.E. 9]. On November 30, 2010, Sherron filed another motion for a temporary restraining order [D.E. 10]. On December 30, 2010, Sherron filed a "motion for help," which appears to seek to preserve his medical records [D.E. 12]. On January 3, 2011, Sherron filed a motion for a federal investigation [D.E. 13].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include

claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Sherron was incarcerated at New Hanover Correctional Center in Wilmington, North Carolina. Compl. at 2. Sherron is incarcerated at Hoke Correctional Institution. See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method = view&offenderID=0366890 (last visited Feb. 2, 2011). Sherron alleges that he is disabled and therefore has been denied a "work release job" in violation of the Americans with Disabilities Act and the Constitution. Compl. at 3–4. Sherron also alleges he has been denied treatment for several medical conditions, including cirrhosis of the liver, Hepatitis C, lower abdominal bleeding, and MRSA. Id. at 4. Sherron alleges that he "suffer[s] from constant pain all the time" as a result of being denied medical treatment. Id. Finally, Sherron alleges that he has "repeatedly been denied of basic human needs such as healthy food, clothing, sanitation, and hygiene" which causes "harsh and extreme discomfort[.]" Id. Sherron has named as defendants former North Carolina Governor Michael Easley, former Secretary of Correction Theodis Beck, current North Carolina Governor

2

Beverly Eaves Perdue, and current Secretary of Correction Alvin W. Keller. Id. at 2–3.

To state a claim under 42 U.S.C. § 1983 for inadequate medical care, an incarcerated prisoner must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). In order to prove such a claim, Sherron "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

It does not plainly appear from the face of the complaint that Sherron is not entitled to relief on his claim for deliberate indifference to a serious medical need; therefore, this claim is allowed to proceed. However, the claim may not proceed as to the named defendants. Sherron fails to identify any individual act or omission that any named defendant committed against him that rises to the level of a constitutional violation. Rather, Sherron improperly asserts the claim against these defendants in their supervisory capacities. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Because Sherron failed to state a claim against these defendants on which relief may be granted, Sherron's claim against these defendants is dismissed as frivolous. The court will allow Sherron to amend this claim to provide the name(s) of any defendant(s) directly responsible for the alleged failure to provide him with medical care.

As for Sherron's claims relating to "healthy food, clothing, sanitation, and hygiene," he fails to meet the requirements of notice pleading. See Fed. R. Civ. P. 8. Sherron has failed to give

3

Case 5:10-ct-03057-D   Document 14   Filed 02/03/11   Page 3 of 6

defendants notice of his claims or the factual basis upon which they rest. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Sherron also has failed to meet his burden of identifying which named defendants are responsible for violating his rights or their specific actions. Id. Additionally, Sherron has not named any defendant with direct responsibility for providing or denying his "basic human needs[.]" Thus, the court dismisses any claim relating to these issues as frivolous.

As for Sherron's claim concerning work release, under North Carolina law, "'[n]either a recommendation for work release by the court or the decision of the Secretary of Correction to place a person on work release shall give rise to any vested statutory right to an individual to be placed on or continued on work release.'" O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991) (quoting N.C. Gen. Stat. § 148-33.1(I)). Moreover, Sherron does not plausibly identify circumstances suggesting that the denial of work release was a discriminatory decision raising concerns under the Constitution or the Americans with Disabilities Act. See id. at 82. Therefore, Sherron fails to state a claim relating to his inability to qualify for work release, and any such claim is dismissed as frivolous.

As for Sherron's motions for a temporary restraining order, the substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). In Winter, the Supreme Court rejected the Fourth Circuit's "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be

4

awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omittted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010).

Sherron has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Sherron has failed to meet his burden of proof. Accordingly, the court denies Sherron's motions for a temporary restraining order [D.E. 7, 8, 10] and denies as moot plaintiff's "motion for help" [D.E. 12] and motion for a federal investigation [D.E. 12].

In sum, Sherron's complaint is DISMISSED IN PART, and only Sherron's claim for deliberate indifference to a serious medical need is allowed to proceed. The court permits Sherron until February 23, 2011, to amend his claim for deliberate indifference to a serious medical need to cure the defects referenced in this order and particularize his claims. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam). Sherron must name defendant(s) who were actually responsible for his medical care and explain how any defendant(s) allegedly inflicted any injury. Plaintiff shall provide each defendant with fair notice of the claims asserted against each defendant. Plaintiff is WARNED that if he does not file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure and this order by February 23, 2011, the court will dismiss the action without prejudice. If plaintiff files an appropriate amended complaint, the court will then conduct frivolity review. Plaintiff's motions for a temporary restraining order [D.E. 7, 8, 10] are DENIED. Plaintiff's "motion for help" [D.E. 12] and motion for a federal investigation [D.E. 13] are DENIED AS MOOT. Plaintiff's motion to transfer this case to the federal district court in Wilmington, North Carolina [D.E. 6] is DENIED. Plaintiff's motion for a jury trial [D.E. 9] is

5

Case 5:10-ct-03057-D   Document 14   Filed 02/03/11   Page 5 of 6

DENIED WITHOUT PREJUDICE. The Clerk of Court is DIRECTED to maintain management of this action.

SO ORDERED. This _3_ day of February 2011.

JAMES C. DEVER III
United States District Judge

6

Case 5:10-ct-03057-D   Document 14   Filed 02/03/11   Page 6 of 6